**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN M. MCMANUS,[1]<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH F. KAMEEN, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:14-CV-00469<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

This is a *pro se* action for damages and injunctive relief, asserting a variety of § 1983 civil rights claims brought in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. In his twenty-six

[1] McManus appears to subscribe to the specious "redemptionist" theory, common among individuals in the sovereign citizen, militia, and tax protestor movements. Adherents to this "redemptionist" theory believe

> that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free.
>
> *Monroe v. Beard*, 536 F.3d 198, 203 n.2 (3d Cir. 2008).

Other hallmarks include the characterization of laws of general applicability and court rulings as "contracts" between the government and the litigant, *see, e.g.*, *Roche v. Att'y Gen.*, 420 Fed. App'x 124, 125 n.2 (3d Cir. 2011) (per curiam), the use of "copyrighted" personal names, *see Monroe*, 536 F.3d at 203 & n.2, and the use of a hyphen and/or colon to signify a plaintiff's "real" name, *see United States v. Rigler*, 885 F. Supp. 2d 923, 930 n.4 (S.D. Iowa 2012); *Audio Invs. v. Robertson*, 203 F. Supp. 2d 555, 565 n.2 (D.S.C. 2002). Here, the Plaintiff has referred to himself in the caption and body of his complaint as "JOHN M MCMANUS (c)," a legal fiction or trust of some sort, and "John-Michael: McManus (c)," a natural person and the authorized agent of the "JOHN M MCMANUS (c)" entity. (Doc. 1, at 1–2). The Court declines to participate in this exercise, and has docketed this case simply as having been brought by John M. McManus, his real *and* legal name. The style or capitalization of his name in the caption is of no legal significance in any event, but merely identifies McManus as the party bringing this action. *See Jaeger v. Dubuque County*, 880 F. Supp. 640, 643–44 (N.D. Iowa 1995).

count complaint, McManus asserts that the Defendants violated his constitutional rights in connection with state criminal proceedings allegedly based on fraudulent documents and outside the scope of their jurisdiction. At the time of the filing of his complaint, McManus was incarcerated at SCI-Benner Township, located in Centre County, Pennsylvania.

## I. Background

On January 11, 2010, McManus pleaded guilty to seven felony counts of manufacture, delivery, or possession with the intent to manufacture or deliver controlled substances, four felony counts of forgery, one felony count of identity theft, one felony count of access device fraud, three misdemeanor counts of identity theft, three misdemeanor counts of tampering with records or identification, and one misdemeanor count of access device fraud. *See Commonwealth v. McManus*, No. CP-52-CR-0000210-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000383-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000093-2009 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000234-2009 (Pike County C.C.P.). It appears from the state court dockets that McManus was sentenced that same day to serve an aggregate term of five to ten years in prison. *See Commonwealth v. McManus*, No. CP-52-CR-0000210-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000383-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000093-2009 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000234-2009 (Pike County C.C.P.). McManus does not appear to have filed a direct appeal from his conviction and sentence, but he did file a PCRA motion in the trial court, which was denied on June 16, 2011, and not appealed. *See Commonwealth v. McManus*, No. CP-52-CR-0000210-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000383-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000093-2009

(Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000234-2009 (Pike County C.C.P.).

McManus's complaint in this action was received and filed by the Court on March 13, 2014, while McManus was incarcerated at SCI-Benner Township. (Doc. 1). That same day, the Court also received and filed McManus's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which remains pending before this Court. *See McManus v. Pitkins*, No. 1:14-CV-00470 (M.D. Pa.). This matter, McManus's § 1983 civil rights action, is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A to screen the complaint and dismiss it if it is frivolous or fails to state a claim upon which relief can be granted.

## II. SECTION 1915A STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.§ 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded

allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the compliant by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[2]

## III. Discussion

### A. McManus's § 1983 Claims Are Barred by *Heck v. Humphrey*

Although bedecked with ornate sovereign citizen regalia, the complaint is at heart a simple one. McManus claims that his criminal conviction and sentence are premised on a grand fraudulent scheme perpetrated by the state trial court judge, the clerk of court, and several prosecutors.[3] In essence, he claims that the documents upon which his conviction is based, and

---

[2] In addition to the complaint and exhibits attached thereto (Doc. 1), the Court has taken judicial notice of this Court's own records in McManus's federal habeas proceedings, and the publicly available docket of criminal proceedings against him in the Court of Common Pleas of Pike County. *See McManus v. Pitkins*, No. 1:14-CV-00470 (M.D. Pa.); *Commonwealth v. McManus*, No. CP-52-CR-0000210-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000383-2008 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000093-2009 (Pike County C.C.P.); *Commonwealth v. McManus*, No. CP-52-CR-0000234-2009 (Pike County C.C.P.).

[3] Because the Plaintiff's claims are legally frivolous, the Court need not reach the obvious question of whether some or all of these defendants are entitled to immunity.

all court records documenting his subsequent prosecution and trial, are forgeries, that the state court lacked jurisdiction over him as a sovereign citizen, and that his present confinement is therefore unlawful.

McManus's claims are not cognizable under § 1983 pursuant to the favorable termination rule articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, where judgment in favor of a plaintiff in a § 1983 action for damages would necessarily imply the invalidity of the plaintiff's conviction or sentence, the plaintiff must first demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reaffirmed this rule and broadened it to encompass equitable remedies as well, holding that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter what the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

McManus has failed to demonstrate that his conviction or sentence has previously been invalidated. Indeed, the record before the Court indicates that his conviction and sentence have been upheld by the state trial court on PCRA review, that they have never been challenged before a state appellate court at all, and that his initial federal habeas petition has only just been filed and remains pending before this Court. Accordingly, under *Heck*, McManus's § 1983 claims against these Defendants are not cognizable, and this action therefore should be

dismissed as legally frivolous. *Saunders v. Bright*, 281 Fed. App'x 83, 85 (3d Cir. 2008) (per curiam); *Ruth v. Richard*, 139 Fed. App'x 470, 471 (3d Cir. 2005) (per curiam); *Boykin v. Siena House Gaudenzia Program*, 464 F. Supp. 2d 416, 424 (M.D. Pa. 2006).

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, it is clear from the facts alleged and judicially noticed that allowing McManus leave to amend his pleadings prior to invalidation of his underlying criminal conviction and sentence would be futile.

C. PLRA "THREE STRIKES" WARNING

The Plaintiff is hereby notified that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If this recommended disposition is adopted by the presiding United States District Judge, the dismissal of this action pursuant to 28 U.S.C. § 1915A(b)(1) will constitute a "strike" under 28 U.S.C. § 1915(g), and the accumulation of additional strikes may bar McManus from proceeding *in forma pauperis* in later cases absent a showing of imminent danger. *In re Jones*, 652 F.3d 36, 37–39 (D.C. Cir. 2011) (per curiam) (*Heck* dismissal constitutes a "strike"); *accord Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *McCurdy v. Sheriff of Madison County*, 128 F.3d 1144, 1145 (7th Cir. 1997); *cf.*

*Saunders*, 281 Fed. App'x at 85 (dismissing *Heck*-barred appeal as frivolous); *Ruth*, 139 Fed. App'x at 471 (affirming dismissal of *Heck*-barred claims as frivolous); *Boykin*, 464 F. Supp. 2d at 424 (dismissing *Heck*-barred claims as legally frivolous). *See generally Byrd v. Shannon*,715 F.3d 117, 126 (3d Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule).

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. The complaint (Doc. 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous and for failure to state a claim upon which relief can be granted; and

2. The Clerk be directed to **CLOSE** this case.

**BY THE COURT:**

**Dated: April 7, 2014**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN M. MCMANUS,

Plaintiff,

v.

JOSEPH F. KAMEEN, et al.,

Defendants.

CIVIL ACTION NO. 3:14-CV-00469

(CAPUTO, J.)
(MEHALCHICK, M.J.)

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 7, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: April 7, 2014**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**